UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ] | Civil No. 13 MISC 00029 |
| Applicant, ] | ECF CASE |
| against ] | Hearing Date: March 5, 2013 |
| ] | Hearing Time: 1:00 p.m. |
| PREMIER HOLDING CORPORATION ] | Location: Courtroom 905 |
| ] | Judge: Richard J. Sullivan |
| Respondent. ] | |

**RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION
TO APPLICANT'S
<u>ORDER TO SHOW CAUSE SEEKING ENFORCEMENT OF A SUBPOENA</u>**

Respondent, Premier Holding Corporation, a Nevada corporation, ("PRHL") makes a special appearance and submits opposition in response to the application of the Securities and Exchange Commission ("Commission") for an order to show cause why PRHL should not be ordered to produce documents under an investigative subpoena dated October 24, 2012 (the "Subpoena") and would show the following.

This action arose because PRHL seeks to avoid the unnecessary burden of responding to the Subpoena that is too indefinite and neither related to nor reasonably relevant to the Commission's non-public investigation styled In the Matter of Robert R. Meredith & Co. and Meredith Portfolio Management Inc. (NY-7959) (the "Investigation"). PHRL is making a special appearance to contest personal jurisdiction. PRHL asks the court to quash the Subpoena entirely or enter an order limiting the scope of the Subpoena to matters reasonably related to the Commission's Investigation.

1

1.Personal Jurisdiction

PRHL is a Nevada corporation with its principal place of business in Tustin, California.  The Commission has presented no facts to show that the exercise of personal jurisdiction over PRHL in the Southern District of New York comports with traditional notions of fair play and substantial justice as required by the Fifth Amendment to the United States Constitution.  Although Section 21 of the Securities Exchange Act of 1934 (the "1934 Act") (15 U.S.C. §78u) grants the Commission authority to conduct investigations and invoke the aid of the district court to require production of documents, Section 21 does not grant subject matter and personal jurisdiction.  Congress conferred exclusive subject matter jurisdiction in the district courts of the United States in Section 27 of the 1934 Act (15 U.S.C. §78aa) for offenses and suits.  A district court needs both subject matter jurisdiction and personal jurisdiction over the parties to resolve a dispute.  Here, the court lacks personal jurisdiction over PRHL.

2.Challenge to the Subpoena

PRHL seeks to avoid the unnecessary burden of responding to the Subpoena that is too indefinite and neither related to nor reasonably relevant to the Commission's non-public investigation styled In the Matter of Robert R. Meredith & Co. and Meredith Portfolio Management Inc. (NY-7959) (the "Investigation").  First, PRHL asks the court to quash the Subpoena entirely.  If the court will not quash the Subpoena, PRHL asks the court to limit the Subpoena.

The Subpoena is an administrative subpoena.[1]  PRHL was unable to move for an order to quash the Subpoena in California due to lack of subject matter jurisdiction.  See *Application of Formato to Quash or Modify Commission Subpoena*, 1981 U.S. Dist.

---

[1]

2

LEXIS 16717; Fed Sec. L. Rep. (CCH) P98,381 (1981) (application to quash subpoena is denied for lack of subject matter jurisdiction). Judicial intervention could not be sought by PRHL until the Commission, confronted with PRHL's non-compliance, petitions the district court to enforce the subpoena. *Id*. at 3.  Congress has provided protection from the arbitrary or capricious action by the Commission by placing the federal courts between the Commission and PRHL. *Id*. at 4.  PRHL requests the court's protection from the arbitrary and capricious action by the Commission in issuing the Subpoena.

PRHL contends the Subpoena exceeds the boundaries placed upon the Commission.  PRHL recognizes the Commission has broad powers to conduct investigations, but contends the Commission acted beyond the powers conferred by the Formal Order.  The Commission and PRHL agree a federal district court has subject matter jurisdiction to enforce, quash, or modify the Subpoena.  The Commission in its application for an Order to Compel Compliance with the Subpoena has the burden of proof to show "[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the Commission['s] possession, and [4] that the administrative steps required … have been followed. *RNR Enters., Inc. v. SEC*, 122 F. 3d 93, 96-97 (2d Cir. 1997).  If the Commission makes a prima facie showing, PRHL can defeat the Subpoena by showing the Subpoena is unreasonable, issued in bad faith or for an improper purpose, or that compliance would be unnecessarily burdensome. *Id*. at 97.

PRHL asks the court to review *in camera* the Formal Order of Investigation[2]  The Commission in its Memorandum of Law and Declaration of Stephen A. Larson reference

---

[2] The Commission suggested an in camera review as well on page 3, footnote 1, Commission's Memorandum of Law.

3

the June 3, 2009 Formal Order and "two Amended Formal Orders".  However, the "two Amended Formal Orders" are in reality Supplemental Orders of October 1, 2010 and February 10, 2012 that designate additional officers of the Commission to participate, Michael Paley in Oct 1, 2010 amendment and Aaron Arnzen and James Addison in February 10, 2012.  The Non-Public June 3, 2009 "Order Directing Private Investigation and Designating Officers to Take Testimony" sets forth the scope of the Investigation (the "Formal Order").  PRHL and the Commission agree that the Subpoena was issued pursuant to the Formal Order on or about October 24, 2012.  Exhibit A to the Declaration of Stephen A. Larson in Support of SEC's Application contains a true and correct copy of the Subpoena.  The Commission's Memorandum of Law states: "The request seek materials critical to the Commission's investigation of Premier Holding's operations, public disclosures, stock issuances, and the accuracy of its Commission filings during Donovan's tenure as principal executive officer." (page 11, lines 4-6 Commission's Memorandum of Law).  In an effort to informally resolve the Subpoena, PRHL voluntarily offered to limit the Subpoena to items that relate to Mr. Donovan and/or that occurred during Mr. Donovan's involvement with PRHL by informing the Commission:

> PRHL's specific proposal is to limit the Subpoena to (i) documents generated or in existence during the "Relevant Period" - February 22, 2012 (being the date of Mr. Donovan's appointment as CEO of PRHL's subsidiary and to PRHL's board of directors) and October 12, 2012 (being the date PRHL filed a Form 8-K to report that Mr. Donovan ceased to be a director) and (ii) to "Donovan", as defined in the attachment to Subpoena. (Exhibit 2)

The Commission rejected PRHL's voluntary offer. (Exhibit 3).  The parties have exhausted their efforts to compromise.

The Formal Order speaks to conduct and actions "from on or about March 7, 2007", was entered June 3, 2009, and concerns possible violations of the securities laws by 4 persons named in the Formal Order and "their officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other associated persons or entities, directly or indirectly".  PRHL received the Subpoena in late October 2012.  On November 8, 2012, the Commission filed the Complaint in *SEC v. Cole*, 12-cv-8167 (SDNY) based upon the Commission's investigation under the Formal Order.  The Commission's filing in *SEC v. Cole* makes no reference to PRHL, but does charge Mr. Donovan with securities law violations for conduct in 2009.  The Commission's Application, Memorandum of Law, and Declaration of Stephen A. Larson filed February 1, 2013, for the first time, sets forth the Commission's position on how the Subpoena is alleged to be relevant to a proper investigative purpose.  The Commission's Application is silent concerning the question of whether or not the Formal Order remains in effect following the Complaint in *SEC v. Cole.*  Further, the Commission's Application and recent conduct shows that it is trying to investigate PRHL.[3]  As such, the Subpoena is unreasonable, issued in bad faith or for an improper purpose.

The Commission's interpretation of its broad investigative powers seemingly extends forever in time and beyond the boundary of any relationship with a person named in the Formal Order.  Apparently, the Formal Order that concerning conduct and actions "from on or about March 7, 2007" and entered June 3, 2009 is, in the Commission's view, broad enough to reach all conduct and actions of PRHL from January 1, 2011

---

[3] The Commission's Memorandum of Law states: "The request *seek materials critical to the Commission's investigation of Premier Holding's operations, public disclosures, stock issuances, and the accuracy of its Commission filings* during Donovan's tenure as principal executive officer." (page 11, lines 4-6 Commission's Memorandum of Law).  The Commission rejected PRHL's voluntary offer to limit the Subpoena to Donovan and Donovan's tenure as executive officer. (Exhibit 3)

through October 24, 2012[4].  PRHL disagrees.  First, PRHL contends the Subpoena must be limited to a period of time that is reasonably related to the conduct that caused the Commission to issue the Formal Order.  Stated differently, PRHL contends the legitimate purpose of the Formal Order cannot extend the scope of activities that may be investigated under the Formal Order for more than 2 years after the issuance of the Formal Order or more than 4 years after the alleged conduct that caused the Commission to issue the Formal Order.  Second, PRHL contends the Subpoena must be limited to a person, such as Mr. Donovan, that has or had a relationship with a person named in the Commission's Formal Order.  It is important to remember that Mr. Donovan is not one of the four persons mentioned by name in the Formal Order.  Mr. Donovan was investigated as an executive officer of one of the persons mentioned by name in the Formal Order.

Even if the court declines to set forth a standard that limits the nature and extent of the Commission's broad powers to investigate potential violations of the securities laws, PRHL contends that in this instance the Subpoena is unreasonable, issued for an improper purpose, and that compliance would be unnecessarily burdensome.  The Subpoena is unreasonable because it does not relate to the subject matter (time periods or persons) in the Formal Order.  The Subpoena was issued for an improper purpose because the Commission is trying to use the Subpoena to investigate PRHL for PRHL's conduct between January 1, 2011 and October 24, 2012.  The Commission's Application and Declaration of Stephen A. Larson assert the Commission is entitled to documents from PRHL that relate to filings of PRHL after the date of the Subpoena and its response date.  Lastly, the Subpoena is unnecessarily burdensome on PRHL.  PRHL is a smaller reporting company and has only 5 employees.  PRHL is dealing with the regulatory

---

[4] The Subpoena requests documents generated or in existence January 1, 2011 through the present.

requirements of a publicly traded company. PRHL is setting up business operations for the marketing, sale, and distribution of energy efficient products and related energy saving services for middle market companies.  PRHL's efforts directed at voluntary cooperation with the Commission have been rebuffed repeatedly.  The Commission, which has a large office in Los Angeles, California, has created a burden on PRHL by filing its Application in New York instead of California.  As such, the Subpoena is unnecessarily burdensome on PRHL.

Conclusion

WHEREFORE, PRHL prays that the court dismiss the proceeding due to lack of personal jurisdiction.  In the alternative, PRHL prays that the court quash the Subpoena entirely or limit the scope of the Subpoena to a legitimate purpose, that is relevant to the legitimate purpose, and to prevent undue burden on PRHL, plus for such other and further relief that justice and equity require.

Dated: New York, New York
       February 20, 2013

                                                     HODGSON RUSS LLP


                                                   By: ___/s/ Erin N. Taylor_____
                                                        Erin N. Taylor
                                                 Attorneys for Premier Holding Corporation
                                                 1540 Broadway, 24th Floor
                                                 New York, NY 10036
                                                 (212) 751-4300